UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOTT HOGAN (#106177)                                              CIVIL ACTION

VERSUS

HOWARD PRINCE, ET AL.                                                NO. 14-138-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2016.

                                              RICHARD L. BOURGEOIS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOTT HOGAN (#106177)                                              CIVIL ACTION

VERSUS

HOWARD PRINCE, ET AL.                                                NO. 14-138-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the remaining defendants' Motion for Summary Judgment (R. Doc. 51). This Motion is opposed. *See* R. Doc. 56.

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Howard Prince, Col. Timothy Seals, Lt. Col. Eric Hinyard, Capt. Willie Washington, and Ass't Warden Kurt Guerin, complaining that the defendants violated his constitutional rights in July, 2013, by placing him in isolation for two weeks in retaliation for having gone on a hunger strike. The plaintiff also complains of the alleged unconstitutional conditions to which he was subjected in the referenced isolation cell.

The plaintiff's claims against Warden Howard Prince were dismissed for failure to serve defendant Prince in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The plaintiff's claims against defendant Secretary Leblanc have also been dismissed, along with the plaintiff's claims asserted against all other defendants, except the plaintiff's claim that the defendants, in their individual capacities, violated the plaintiff's constitutional rights by subjecting him to unconstitutional conditions of confinement through exposure to excessive heat in an enclosed observation cell in July, 2013. *See* R. Docs. 34 and 36.

The defendants move for summary judgment on the plaintiff's remaining claim relying upon the pleadings, a Statement of Uncontested Material Facts, certified copies of the plaintiff's pertinent Administrative Remedy proceeding, Lockdown Cards, a Disciplinary Report dated July 13, 2013, Unusual Occurrence Reports dated July 15, 2013 and August 2, 2013, Location Sheets, excerpts of the plaintiff's medical records, Heat Pathology Reports for July 10 and 24, 2013, Duty Status Reports, Department of Corrections Healthcare Policy HC-35 (Hunger Strike), Department of Corrections Healthcare Policy HC-45 (Psychotropic Medication and Heat Pathology), Institutional Policy 400-B5 (Psychotropic Medication and Heat Pathology Sunlight Sensitivity), Control Center Temperature Logs, and the Affidavits of Assistant Warden Kirt Guerin, Colonel Eric Hinyard, Captain Willie Washington, Timothy Seals, Dr. Preety Singh, Lieutenant Sheron Norman, and Cindy Park.  The plaintiff opposes the defendants' Motion relying upon the pleadings and his own Declaration.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This

burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on July 13, 2013, defendant Hinyard visited the plaintiff's cell and inquired whether the plaintiff was beginning a hunger strike. When the plaintiff responded in the affirmative, defendant Hinyard ordered the plaintiff to pack his belongings and ordered that the plaintiff be transferred to an "isolation tank." Upon the plaintiff's arrival at the isolation cell, defendant Hinyard gave instructions that both outer doors to the isolation cell should remain closed at all times. Although the plaintiff complained to defendant Hinyard about the extreme heat in the isolation cell, the lack of air circulation and the inadequate ventilation system, the defendant ignored these complaints. The plaintiff also notified defendant Hinyard that the plaintiff had a "heat precaution duty status" because of prescribed medications and that the extreme heat could endanger the plaintiff's life or health. According to the plaintiff, defendant Hinyard indicated that he didn't care about the plaintiff's

duty status and that he was subjecting the plaintiff to the referenced conditions so as to induce the plaintiff to discontinue the hunger strike. The plaintiff alleges that over the course of the next two weeks, he spoke repeatedly to defendants Hinyard, Seals, Washington and Guerin, but the defendants refused his requests to have the outer door to the isolation cell remain open. The plaintiff asserts that, as a result of the extreme heat, he became ill and had to be admitted to the skilled nursing facility at the prison infirmary.

In response to the plaintiff's Complaint, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to their participation in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir.

2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' Motion should be granted. The plaintiff's claim in this case is that he was subjected to unconstitutional conditions of confinement in an observation cell in July of 2013. This claim arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials

---

[1] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

  Applying the foregoing standard, the Court finds that the plaintiff has failed to make a showing sufficient to defeat the defendants' assertion of qualified immunity in this case. In the first place, the plaintiff's amended Complaint is unsworn and is not properly before the Court for consideration in connection with the defendants' Motion for Summary Judgment. A verified complaint may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). 28 U.S.C. § 1746 provides for

verification of an unsworn complaint when a plaintiff declares under penalty of perjury that the factual allegations contained therein are true and correct.[2]  When a complaint is so verified, the plaintiff faces the possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material representations.  *See* 28 U.S.C. §§ 1621, 1623.  In turn, when a complaint is executed in the form prescribed by 28 U.S.C. § 1746, the factual allegations of the plaintiff's complaint are transformed from "mere allegations" to "specific facts" as if set forth in an affidavit.  *See Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. TX 2009).  The plaintiff's amended Complaint (R. Doc. 6) does not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider the amended Complaint as competent summary judgment evidence.[3]

Second, the plaintiff has presented limited evidence in response to the defendants' Motion, in the form a sworn Declaration which merely states that, from July 15 through July 24, 2013, the outer door of his observation cell was kept closed and locked, and that he complained to EMT Sheron Norman and the defendants about excessive heat in his observation cell.  In contrast, the defendants have presented evidence that there are no extraordinary medical concerns related to the placement of an offender with a heat restriction duty status in an observation cell, only three heat alerts were logged during the complained of period, the plaintiff

---

[2] 28 U.S.C. § 1746 provides, "Wherever, … under any rule, … made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) … "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

[3] The amended Complaint (R. Doc. 6) does not specifically refer to and adopt by reference the original Complaint (R. Doc. 1).  The amended Complaint, therefore, is the operative pleading in this matter.  See *King, supra*, (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) and noting, "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

had access to drinking water, ice and showers and the availability of these measures increased any time the temperature inside the tier reached or exceeded 90 degrees, and the plaintiff did not seek medical attention for any heat-related complaints. As discussed hereafter, the evidence in the record constitutes a showing that the defendants acted in an objectively reasonable manner in addressing the conditions faced by the plaintiff in July of 2013, and that they were not subjectively deliberately indifferent to a known risk of serious danger to his health or well-being.

Although exposure to extreme heat is actionable under certain circumstances, the plaintiff's allegations in this case fall short of what is required to establish a constitutional violation, particularly in the absence of any evidence of harm or medical complication. For example, in *Johnson v. Texas Board of Criminal Justice*, 281 Fed. Appx. 319 (5th Cir. 2008), the United States Court of Appeal for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's claims, finding that his allegations regarding extreme heat were "not sufficient to state a constitutional claim" because although he alleged that temperatures were "sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times." *Id.* at 321. *See also Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition but where he "failed to present medical evidence of any significance" to support that assertion); *Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely

conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir., Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate"). In contrast, where sufficient evidence has been presented regarding a serious potential risk of injury to inmates' health resulting from excessive heat, injunctive relief has been found to be warranted, for example in the form of "fans, ice water, and daily showers when the heat index is 90 degrees or above." *Gates v. Cook*, 376 F.3d 323, 339 (5th Cir. 2004) (upholding a grant of injunctive relief to death row inmates at a Mississippi prison where the inmates were not "afforded extra showers, ice water, or [personal] fans ... when the heat index [was] 90 or above"); *Ball v. LeBlanc*, 988 F. Supp. 2d 639, 662 (M.D. La. 2013)[4] (granting injunctive relief to death row inmates confined at LSP and directing that a plan be formulated "to reduce and maintain the heat index in the Angola death row tiers at or below 88 degrees Fahrenheit"). *See also Blackmon v. Garza*, 484 Fed. Appx. 866, 870-72 (5th Cir. 2012) (reversing the grant of judgment as a matter of law in favor of the defendants at the close of the plaintiff's case at trial upon a finding that the plaintiff's evidence, regarding heat indices, ineffective remedial measures, and aggravation of the plaintiff's medical condition, was potentially sufficient to support a verdict in his favor);

---

[4] *Ball v. LeBlanc*, 988 F. Supp. 2d 639, 662 (M.D. La. 2013) was affirmed in part, and vacated and remanded in part, by the Court of Appeals in *Ball v. Leblanc,* 792 F.3d 584 (5th Cir. 2015). The Court of Appeals determined that the District Court did not err in its findings that the heat in death-row cells posed a substantial risk of serious harm to inmates; that prison officials were deliberately indifferent to the risk posed to death-row inmates by heat in prison cells; and that housing of death-row inmates in very hot prison cells without sufficient access to heat relief measures violated the Eighth Amendment. Accordingly, the District Court's resolution of the plaintiff's Eighth Amendment claims was affirmed. The District Court's decision was vacated and remanded only with regards to the scope of the injunctive relief granted, and was instructed to, on remand, craft relief more closely aligned with the narrow relief granted in *Gates v. Cook,* 376 F.3d 323 (5th Cir. 2004), and consistent with the PLRA.

*Valigura v. Mendoza*, 265 Fed. Appx. 232, 235-36 (5th Cir. 2008) (upholding the denial of a motion for summary judgment based upon qualified immunity where the plaintiff "present[ed] evidence" to support a potential Eighth Amendment violation in combination, including evidence that he was confined to a bunk for 24 hours a day for numerous consecutive days, was not allowed "to stretch his legs or get a drink of water," was not allowed daily showers, and was subjected to temperatures "above the eighties and into the hundreds").  As specifically noted in *Gates v. Cook* and *Ball v. LeBlanc, supra,* the evidentiary basis presented in support of the plaintiffs' claims in those cases made their claims for injunctive relief distinguishable from, for example, the claim faced by the Fifth Circuit in *Woods v. Edwards, supra*, where the Court upheld the dismissal of a plaintiff's claim of excessive heat at LSP but where the plaintiff "had not presented medical evidence sufficient to state an Eighth Amendment violation" and had not presented evidence regarding "temperature data for his lockdown cell."  *See Gates v. Cook, supra*, 376 F.3d at 339; *Ball v. LeBlanc, supra*, 988 F. Supp. 2d at 663-64.

In the instant case, the defendants have presented evidence reflecting that, because of a rule violation, the plaintiff was transferred to Cellblock B in Unit 1, and shortly thereafter he began refusing to eat his meals. On July 15, 2013, pursuant to the prison's Hunger Strike Policy, the plaintiff was transferred to the Unit 1 "Observation Left" cell where he remained until July 24, 2013. Thus, in contrast to inmates confined on death row, as in *Gates v. Cook* and *Ball v. LeBlanc, supra,* the plaintiff's exposure to the alleged unconstitutional conditions was of limited duration.  The defendants have also presented competent evidence showing that the plaintiff had unlimited access to drinking water, and ice and showers were provided regularly and upon request.  Additionally, these measures were increased when the temperature in the tier reached or exceeded 90 degrees.  These remedial measures – water, ice and showers – are similar to those

found to be warranted and sufficient to ameliorate the adverse conditions faced by inmates in *Gates v. Cook, supra*. Finally, the defendants have produced evidence reflecting that during the complained of period, there were only three instances where the temperature rose high enough to warrant a heat alert. While issues of fact exist as to whether the outer door of the observation cell was left open or kept closed, and whether or not the plaintiff complained to medical personnel and the defendants regarding excessive heat, there is nothing in the record suggesting that the plaintiff sought medical attention for heat-related complaints or suffered a heat related injury during the pertinent time period. Rather on June 24, 2013, the plaintiff complained to Nurse Practitioner Cindy Park of weakness, dizziness and the inability to walk after refusing to eat 32 meals. The plaintiff did not exhibit any signs of a heat related illness, but was admitted to the Skilled Nursing Unit for precautionary reasons due to a loss of ten pounds in a short period of time. The plaintiff's weight loss was caused by his hunger strike, which he finally ended on August 2, 2013 after missing 53 meals. There is no documentation in the record of any heat related illness or injury suffered by the plaintiff as result of being placed in the observation cell from July 15 - 24, 2013.

There is nothing before the Court which tends to dispute the defendants' assertions regarding (1) reasonable measures taken in July of 2013 to combat potentially excessive heat in the plaintiff's observation cell including drinking water, ice and showers, and (2) the absence of any known heat-related medical complications suffered by the plaintiff during the period of his confinement in the observation cell. Accordingly, the plaintiff has failed in this case to meet his burden of proof in addressing the defendants' assertion of qualified immunity and in opposing their assertion that they acted reasonably in response to the conditions alleged to exist in the plaintiff's observation cell. On the record before the Court, therefore, the defendants' motion is

well-taken, and the Court concludes that they are entitled to summary judgment as a matter of law in connection with the claims asserted in this proceeding.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary (R. Doc. 51), be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on May 17, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**